UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CARRIE A. GAFF,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) )  Case No. 1:21-cv-00397-SLC |
| **COMMISSIONER OF SOCIAL SECURITY,** *sued as Kilolo Kijakazi, Acting Commissioner Social Security*, | ) ) ) ) |
| **Defendant.** | ) ) |

## OPINION AND ORDER

Plaintiff Carrie A. Gaff brought this suit on October 20, 2021, to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On May 16, 2022, pursuant to a joint motion to remand filed by the parties (ECF 19), the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 20).

Gaff's attorney, Ann Trzynka ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $17,000, less $7,187.60 in Equal Access to Justice Act ("EAJA") fees previously awarded, resulting in a net payment of $9,812.40 for Counsel's representation of Gaff in federal court. (ECF 26). The Commissioner does not oppose Counsel's fee request. (ECF 29). For the following reasons, the motion for attorney fees will be GRANTED.

### *A. Factual and Procedural Background*

On October 4, 2021, Counsel entered into a fee agreement with Gaff for her representation of Gaff in federal court, in which Gaff agreed to pay her 25 percent of any past-due benefits awarded to her and her auxiliary beneficiaries. (ECF 27-1 at 2-3).[1]

On October 20, 2021, Gaff filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Gaff's favor and remanded the case to the Commissioner on May 16, 2022. (ECF 20).

On June 7, 2022, Gaff filed a request for attorney fees under the EAJA, 28 U.S.C. § 2412, in the amount of $9,812.40 in attorney fees, seeking payment for Counsel's 19.3 hours and Attorney Joseph Shull's 25.1 hours, for a total of 44.4 hours spent advocating for Gaff's claim in federal court. (ECF 22, 22-1 to 22-2). On June 15, 2022, the Commissioner filed a response, stating that she did not oppose Plaintiff's motion for attorney fees. (ECF 24). The Court subsequently granted Gaff's motion for EAJA fees. (ECF 25).

On August 8, 2023, the Commissioner sent a notice of award to Gaff, informing that she was entitled to monthly disability benefits beginning January 2020 and that the Commissioner withheld $12,846.25 of Gaff's past-due benefits, to pay her attorneys. (ECF 27 at 2-3, 7; ECF 27-1 at 4-9).[2] On September 16, 2023, the Commissioner sent another notice of award to Gaff,

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[2] The Commissioner explained in the notice of award that she "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (ECF 27-1 at 7). Thus, by inference, the past-due benefits awarded to Gaff amount to $51,385 ($12,846.25 x 4).

this time on behalf of Gaff's children,[3] informing that a first child was entitled to monthly child's benefits beginning January 2020 and past-due benefits of $20,740 (the "first auxiliary past-due benefits"), and that the Commissioner withheld $4,907 of the first auxiliary past-due benefits to pay Gaff's attorneys (ECF 27 at 2; ECF 27-1 at 10-14). That same day, Gaff received another notice of award informing her that a second child was entitled to monthly child's benefits beginning January 2020 and past-due benefits of $1,428 (the "second auxiliary past-due benefits"), and that the Commissioner withheld $357 of the second auxiliary past-due benefits to pay Gaff's attorneys (ECF 27 at 2; ECF 27-1 at 15-19).

On November 11, 2023, Counsel filed the instant motion pursuant to § 406(b), together with a supporting memorandum and documents, and a notice acknowledging Plaintiff's receipt of the motion, seeking the Court's approval of an award of $7,187.60, in addition to $9,812.40 in EAJA fees previously awarded, resulting in a total payment of $17,000 in attorney fees for Gaff's representation before this Court. (*See* ECF 26, 27, 27-1, 28).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

---

[3] The recipient's name was removed from the notices of award, but it appears clear from Counsel's brief that Gaff's children were the recipient of monthly child's benefits. (*See* ECF 27 at 2).

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>   Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's

---

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $17,000 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Here, the three notices of awards from the Commissioner indicate that Gaff was awarded a total of $73,553 in past-due benefits and auxiliary past-due benefits. That is, $38,538.75 (the past-due benefits for Gaff), plus $12,846.25 (the portion of Gaff's past-due benefits withheld by the Commissioner to pay her attorneys), plus $20,740 (the total first auxiliary past-due benefits, inclusive of the $4,907 withheld by the Commissioner to pay Gaff's attorneys), plus $1,428 (the total second auxiliary past-due benefits, inclusive of the $357 withheld by the Commissioner to pay Gaff's attorneys). (ECF 27-1 at 7, 14, 19). As such, the fee amount that Counsel requests, $17,000 (that is, $7,187.60 plus $9,812.40 already awarded EAJA fee), does not exceed 25 percent of the sum of Gaff's past-due benefits and auxiliary past-due benefits. Additionally, the Commissioner agrees that the requested fee does not exceed 25 percent of Gaff's past-due benefits. (ECF 29).

Counsel contends that the requested fee award of $17,000 is reasonable for the 44.4 attorney hours spent representing Gaff in federal court. (ECF 27 at 4-5; ECF 27-1 at 20-24). It is obvious that Counsel obtained a good result for Gaff, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Further, the Commissioner awarded Gaff $22,168 in auxiliary past-due

5

benefits on behalf of her children. Nor did Counsel contribute to any significant delay during the merits phase of this case, as she requested just one thirty-day extension during the briefing process. (ECF 13). *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Further, Counsel's requested fee of $17,000 divided by the 44.4 attorney hours spent on the case in federal court equates to an effective rate of approximately $383 per hour. (*See* ECF 27 at 4-5; ECF 27-1 at 20-24). This effective rate is well within the range of previous awards approved by this Court. *See, e.g.*, *Toth v. Saul*, No. 1:17-cv-00516-SLC, 2020 WL 6441313, at *3 (N.D. Ind. Nov. 3, 2020) (awarding fee equating to $330 per hour); *Pence v. Saul,* No. 1:17-

cv-00090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $7,187.60, in addition to the $9,812.40 in EAJA fees previously awarded, for a total award of $17,000. *See Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 26) is GRANTED in the amount of $7,187.60, in addition to the $9,812.40 in EAJA fees previously awarded, for a total award of $17,000. The Commissioner shall pay the Law Office of Ann Trzynka, LLC, $7,187.60 out of the award of past-due benefits, release any remaining withheld past-due benefits to Gaff, and allow Counsel, via the Law Office of Ann Trzynka, LLC, to keep the $9.812 EAJA fee previously awarded.

SO ORDERED.

Entered this 11th day of December 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge